IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kelsey Lentrell Kinard,<br><br>   PETITIONER<br><br>v.<br><br>United States of America,<br><br>   RESPONDENT | Crim. No. 4:07-cr-00486-TLW<br>C/A No. 4:13-cv-02498-TLW<br><br><br>**Order** |

  This matter comes before the Court for consideration of the *pro se* petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Kelsey Lentrell Kinard. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

  Petitioner pled guilty to a drug conspiracy charge and was sentenced to 200 months incarceration. He did not file a direct appeal.

  Petitioner filed a prior § 2255 petition, asserting that he was entitled to a Rule 35(b) motion from the Government. The Government then filed a Rule 35(b) motion. The Court subsequently reduced his sentence to 168 months and dismissed his § 2255 petition as moot. He filed a direct appeal and the Fourth Circuit affirmed. *United States v. Kinard*, 507 F. App'x 281 (4th Cir. 2013).

  On September 6, 2013,[1] Petitioner filed the instant § 2255 petition, asserting that he is entitled to an additional Rule 35(b) reduction. The Government filed a motion to dismiss or for

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

summary judgment, asserting that the petition should be dismissed as untimely, for failure to state a claim, and because his arguments have been raised to and ruled on by the Fourth Circuit. He filed a response in opposition.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this petition *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  Discussion

### A.  Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

1.      *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). His one-year statute of limitations began to run on May 30, 2008, the date his time to file a direct appeal expired. Thus, under § 2255(f)(1), he had one year—until May 30, 2009—in which to file his petition. However, he did not file his petition until September 6, 2013. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

2.      *§ 2255(f)(2)–(4)*

The Court does not find that any triggering date set forth in § 2255(f)(2)–(4) applies to this case. Petitioner does not allege, much less establish, that any of these subsections apply to his case. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(2)–(4).

B.     **Failure to State a Claim**

The Government also asserts that Petitioner's petition should be dismissed because he fails to state a claim upon which relief can be granted. The Court agrees.

As set forth above, § 2255 relief is only available for four reasons: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). The Court concludes that a defendant's desire for a Rule 35(b) reduction does not fall into any of these categories.

### C.     Procedural Bar

The Government also asserts that Petitioner's claim is barred from further review because it has already been raised and decided on appeal. The Court agrees.

When Petitioner appealed the extent of his prior Rule 35(b) reduction, he asserted that the Court failed to properly evaluate his assistance. If he thought he did not get credit for the proper individuals he cooperated against in 2008, that was his time to raise the issue, not in a second § 2255 petition.

## V.     Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 242, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 235, is **DENIED**. This action is hereby **DISMISSED**.[2]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a

---

[2] To the extent his petition can be construed as a motion to compel the Government to file a Rule 35(b) motion, the Court concludes that he is not entitled to such relief.

A court may grant a downward departure in the absence of a Government motion only if (1) the Government has obligated itself in a plea agreement to move for a departure; or (2) the Government's refusal to move for a departure is based on an unconstitutional motive. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)). The Government has not made a Rule 35(b) motion and he has not presented evidence that the Government obligated itself to file such a motion. Additionally, the Court cannot conclude that he has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under *Wallace*.

certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

August 28, 2015
Columbia, South Carolina